UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MONTE ELLIOTT SMITH, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Civil No. 09-422-P-S |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge erred in formulating a mental impairment. I recommend that the court vacate the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from an anxiety order not otherwise specified and depression, impairments that were severe but that did not meet or medically equal, alone or in combination, the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 41-42; that he retained the residual functional capacity to perform a full range of work at all exertional levels but limited to no more than simple, routine, repetitive tasks not performed in a fast-paced environment and

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1381(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 16, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

involving only simple work-related decisions and, in general, relatively few work place changes, with very limited interaction with supervisors and co-workers but no interaction with members of the general public, Finding 5, *id*. at 43-44; that he was unable to perform any past relevant work, Finding 6, *id*. at 46; that, given his age (36 at the alleged date of onset), at least a high school education, work experience, and residual functional capacity, use of Appendix 2 to 20 C.F.R. Part 404, Subpart P, as a framework for decision-making led to the conclusion that there were jobs in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*. at 46-47; and that the plaintiff, therefore, had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 11, *id*. at 48. The Decision Review Board did not complete its review of the decision in the allowed time, *id*. at 33-35, making it the final determination of the commissioner. 20 C.F.R. § 405.420(a).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual

work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff first contends that the administrative law judge impermissibly formulated a residual functional capacity that was not supported by the testimony of the medical expert at the hearing or by the opinions of the state-agency psychologists who filled out psychiatric review technique forms. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 7) at 2. Specifically, he faults the administrative law judge for "adopt[ing]" in the body of his opinion the limitations to which the medical expert testified, but not incorporating them into the residual functional capacity. *Id.* He identifies the limitations at issue as a marked impairment in social functioning and a moderate impairment in maintaining concentration, persistence, or pace. *Id.*

At the hearing, the medical expert testified as follows: "Social functioning I would have to say is markedly impaired and concentration, persistence, and pace are moderately impaired." Record at 27. The hypothetical question posed to the vocational expert at the hearing by the administrative law judge included "very limited interaction with supervisors and co-workers, no interaction with members of the general public, basically, isolating work." *Id.* at 28. This presentation appears to me to include the marked impairment in social functioning to which the medical expert testified; it is also included in the residual functional capacity ultimately found by the administrative law judge. *Id.* at 44. I, therefore, reject the plaintiff's contention that this limitation was not incorporated into the assigned residual functional capacity. Itemized Statement at 2.

3

The moderate impairment in maintaining concentration, persistence, or pace, however, requires closer examination. It appears not to have been included in the administrative law judge's hypothetical question, because, when the plaintiff's attorney directed the vocational expert's attention to that limitation, the vocational expert testified that he believed that the jobs he had identified as being available to the plaintiff in response to the administrative law judge's hypothetical question would be eliminated by that additional limitation, absent the accommodation of "more supervision than you'd customarily see in those jobs." Record at 30. The administrative law judge's hypothetical question included limitations to "simple, routine, repetitive tasks, not performed in a fast paced environment involving only simple work related decisions [with] relatively fewer [work] place changes" that also appear in the decision's assessment of residual functional capacity. *Id*. at 28, 44.

In *Dubriel v. Astrue*, Civil No. 08-406-B-W, 2009 WL 1938986 (D. Me. July 6, 2009), cited by counsel for the commissioner at oral argument, this court found that a limitation "to the performance of unskilled, low-stress work" made "allowance for" a finding of moderate limitations in concentration, persistence, and pace. *Id*. at *5. A similar equating of the two can be found in *Maldonado v. Astrue,* Civil No. 08-412-B-W, 2009 WL 1885057 (D. Me. June 30, 2009), at *4. Here, the administrative law judge found that the plaintiff had moderate difficulties with concentration, persistence, or pace. Record at 43. The limitation that he found regarding the plaintiff's residual functional capacity included limitations to simple, routine, repetitive tasks not performed in a fast-paced environment and involving only simple, work-related decisions with relatively few work place changes. *Id*. at 44.

Without more, *Dubriel* might well require affirmance of the commissioner's decision on this issue. However, the administrative law judge's residual functional capacity assessment

4

cannot be read to include any limitation imposed by a moderate impairment in maintaining concentration, persistence, or pace in this case because, when the plaintiff's representative specifically asked the vocational expert about such a limitation, he responded that none of the jobs he had identified in response to the administrative law judge's hypothetical question would be available. *Id*. at 30.

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. He did not handle money well, but he did shop for his own and his roommate's needs (Ex. 4E and 5E). Psychological testing in 1989, when he was eighteen years old, showed probable normal intellectual functioning and no indications of an organic disorder (Ex. 7F). The mental status examinations done at the VA Medical Center since the alleged onset date have generally shown a linear thought process, good insight, and judgment, and no hallucinations. (Ex. 2F, 4F, and 8F). He has a history of loss of anger control in jobs and social settings, which moderately interferes with his ability to maintain concentration and persistence on a sustained basis.

The text of the administrative law judge's opinion includes the following:

*Id*. at 43. This paragraph appears in a Step 3 discussion of Listing criteria, however, and this area of possible limitation is not mentioned in the opinion's discussion of residual functional capacity. *Id*. at 44-46. It may well be that the administrative law judge felt that his analysis of the evidence in this regard supported rejection of the medical expert's conclusion concerning this moderate impairment, but that is not evident from the text of the opinion itself.

The opinion addresses the portion of the vocational expert's testimony on which the plaintiff relies:

> In response to a question posed by the claimant's representative, the vocational expert testified that the "moderate" limitation in concentration, persistence, or pace on the psychiatric review technique analysis, to which [the medical expert] testified, would prevent the performance of the above jobs. [The medical expert] was not asked by either the undersigned or the claimant's representative to specify how a "moderate" limitation in concentration, persistence, or pace would affect residual functional capacity. The psychiatric review technique (20 CFR

5

>   404.1520a and 416.920a) is not intended as a replacement for the residual functional capacity assessment. It is a non-specific rating of an area of functioning used [to] determine whether the claimant has a severe mental impairment, and if so, whether it meets or equals a listing. Therefore, the vocational expert responded to a non-specific question, and his answer is not useful to this decision. The claimant's ability to concentrate is not limited more than is specified in the assessed residual functional capacity.

*Id*. at 47-48.

This statement of the administrative law judge's reasons for rejecting the testimony on which the plaintiff relies does not support the plaintiff's contention that the administrative law judge "impermissibly interpreted raw medical evidence." Itemized Statement at 3. Rather, he rejected the testimony of a vocational expert for reasons that are not medical in nature.

Social Security Ruling 85-15, cited by the plaintiff in this regard, *id*., does not support his argument with respect to the moderate limitation on concentration, persistence, or pace. The plaintiff cites the Ruling as it affects the ability to work with supervisors and co-workers, which, as I have noted, is properly included in the residual functional capacity assigned in this case.

The analysis does not end here, however. The plaintiff goes on to contend that a moderate limitation in this functional area can have an impact on the ability to do simple, unskilled jobs in a manner which the administrative law judge in this case has not considered. *Id*. at 4-5. The authorities cited by the plaintiff provide some limited guidance on this point.

In *Maldonado,* I found that a moderate limitation on concentration, persistence, or pace might be inconsistent with a limitation to unskilled work because the limitation might affect the mental activities required by unskilled work, and the administrative law judge had not addressed this possibility. The assertion that such a moderate mental limitation "do[es] not limit [] substantially the requirements of sedentary work which is premised on unskilled work" was insufficient. *Id*. at *7. This assertion is similar to that of the administrative law judge in this

6

case, who dismisses the moderate limitation on concentration, persistence, or pace as relevant only to the Step 3 Listing analysis. The question posed to the vocational expert by the plaintiff's attorney was clearly not addressed to any Step 3 concern; it specifically referred to the hypothetical question already posed and to the vocational expert's answer to that question, identifying three available jobs. Those questions are only relevant to the Step 5 analysis.

In *Chapa v. Astrue*, No. 2:05-CV-0253, 2008 WL 952947 (N.D.Tex. Apr. 8, 2008), the other authority cited by the plaintiff, the court held that

> [w]hether plaintiff's moderate impairment in the area of concentration, persisten[ce] and pace limited plaintiff to one and two step jobs and whether such eroded the occupational base and to what degree it was eroded was a determination for a vocational expert. . . . It may be that a vocational expert can identify unskilled sedentary jobs which would not be affected by plaintiff's nonexertional limitations. It may also be that a vocational expert would find limitations in the area of concentration, persistence and pace[] would affect such jobs and further erode the number of unskilled sedentary jobs available. Reversal and remand is required so a vocational expert can be called and can address the issue.

*Id*. at *6. Here, the vocational expert has testified on this issue. The administrative law judge erred in dismissing that testimony as "not useful." It is in fact directly relevant.

This error requires remand.

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED**, and the case remanded for further proceedings.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.***

Dated this 23rd day of June, 2010.

                                                <u>/s/ John H. Rich III</u>
                                                John H. Rich III
                                                United States Magistrate Judge